IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELLEN M. (MINDY) SOLOTAR :
:
v. :
: CIVIL ACTION
: NO. 17-1919
NORTHLAND HEARING CENTERS, INC. :
t/a ALL AMERICAN HEARING :

**MEMORANDUM**

**SURRICK, J.** DECEMBER 20, 2017

Presently before the Court is Plaintiff's Motion to Compel Defendant to Identify Its Trial and Declaration Witnesses and Bar Defendant From Relying Upon Any Document Produced After the Discovery Deadline. (ECF No. 13.) For the following reasons, Plaintiff's Motion will be denied.

**I. BACKGROUND**

Plaintiff Ellen M. (Mindy) Solotar filed a Complaint against her former employer, Defendant Northland Hearing Centers, Inc., trading as All American Hearing ("NHC"), alleging that she was discriminated against and ultimately fired by Defendant because of her advanced age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. (Compl. ¶¶ 37-40, ECF No. 1.) During discovery, Solotar served NHC with requests for admissions and production of documents, in part to obtain information concerning the performance and treatment of employees who were similarly situated to Solotar. (Mot. to Compel & Bar ¶¶ 7-8.) These requests sought to determine if other NHC employees had failed to meet their quotas for performing certain work tasks, as Solotar is alleged to have done, and to determine if those other

employees were treated the same as Solotar, *i.e.*, were they fired like Solotar was for allegedly not meeting her quotas. (*Id.* ¶¶ 3-4, 7-8, Ex.'s E, F.) In response to the requests for admissions concerning the similarly-situated employees, NHC responded,

> After having made reasonable inquiry, the information Defendant currently knows or can obtain is insufficient to enable it to admit or deny this request. Defendant is continuing to search for information that will enable it to admit or deny this request and reserves the right to supplement this response accordingly.

(*Id.* at Ex. E ¶¶ 2, 3, 5, 6, 8, 9.) When Solotar asked NHC to produce the documents it relied on in responding to the requests for admission regarding the similarly-situated employees, NHC responded,

> After having made reasonable inquiry, Defendant obtained insufficient information to enable it to admit or deny many of the Requests for Admissions …. Defendant continues to search for information that will enable it to (a) admit or deny the Requests for Admission and/or, correspondingly (b) produce documents responsive to this request. In that regard, Defendant reserves the right to supplement its response to this Request.

(*Id.* at Ex. F ¶¶ 1-4.) An NHC representative has since testified at a deposition that NHC has looked for the documents but has not been able to find them, with a few limited exceptions. (*Id.* ¶ 8; Ex. G.) NHC claims that it has learned that some of this information was never uploaded into NHC's electronic filing system, and it has been unable to locate hard copy employee files for some of the employees identified by Solotar. (Def.'s Reply ¶ 14, ECF No. 14.)

On July 5, 2017, a Scheduling Order was entered which provided, among other things, that the parties serve upon each other a list of their proposed trial witnesses and a brief summary of their testimony, on or before February 15, 2018. (ECF No. 9.) The Scheduling Order also set a trial date of March 5, 2018. (*Id.*) On October 17, 2017, a telephone conference was conducted with the parties concerning a discovery dispute related to the deadlines set out in the Scheduling

Order. (ECF No. 11.) During the conference, Solotar was directed to file a formal motion to compel to resolve the discovery dispute. (*Id.*)

On October 23, 2017, Solotar filed the instant Motion. That same day, Plaintiff's counsel notified Defense counsel via email that Solotar was amending her answers to Defendant's First Set of Interrogatories. (Decl. Phinorice Boldin Ex. A-1, ECF No. 15.) On August 30, 2017, in response to Defendant's interrogatory asking which witnesses Solotar planned to call at trial, Solotar originally answered,

> Plaintiff has not yet made a decision as to trial witnesses. At present, Plaintiff intends to call each of the witnesses identified in the Answer to Interrogatory no. 2. Plaintiff intends to identify other potential witnesses during the course of discovery and will provide trial witnesses [sic] information in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules.

(Def.'s Reply Ex. A at Int. ¶ 3.) In the October 23 email from Plaintiff's counsel to Defense counsel, Plaintiff's answers to Defendant's interrogatories were amended to include the identification of three more witnesses "with information as to Plaintiff's claims and whom Plaintiff intends to call at trial; and … there are no other witnesses whom Plaintiff intends to call at trial." (Decl. Boldin Ex. A-1.)

On October 30, 2017, NHC filed a Reply to the instant Motion. (Def.'s Reply.) On November 1, 2017, Solotar filed a Sur-Reply. (Pl.'s Sur-Reply, ECF No. 18.)

**II. DISCUSSION**

    **A. The Motion to Bar Reliance on Documents Produced Post-Discovery is Premature.**

Solotar asks the Court to bar NHC from "relying upon any documents" produced after the close of discovery in any dispositive motions or at trial, and also asks us to bar NHC from amending any of its answers to the requests for admissions after the close of discovery. NHC responds (1) that Solotar's Motion is overbroad, as it simply calls for a blanket exclusion of all

3

post-discovery evidence, not just that which relates to the similarly-situated employees, and (2) that the Motion is premature, because this Court should not "exclude a broad swath of unidentified documents" at this stage of the proceeding. Rather, the Court should rule on the admissibility of any undiscovered evidence that NHC may find if or when that happens.

The Federal Rules of Civil Procedure mandate full and honest disclosure. However, they allow for the realities and practicalities of what is often a difficult discovery process. The interplay of these rules guides our analysis.

Rule 36(a)(4) states that a party answering a request for admission "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

Rule 26(e) imposes a duty on parties to supplement and correct prior disclosures where a party who has previously responded to a request for admission "learns that in some material respect the disclosure or response is incomplete or incorrect …." Fed. R. Civ. P. 26(e)(1).

Rule 37(c) states that where "a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Taking these rules together, while a party may, under the proper circumstances, validly respond to a discovery request by saying, "I don't know," that party must disclose the information if he subsequently acquires it, or else suffer possible sanctions which may include the exclusion of the information. *See, e.g., Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148-49 (3d Cir. 2000) (holding that discovery sanctions were warranted where plaintiff initially told

4

defendant that he would be continually employed, subsequently learned his position was being eliminated, and did not disclose this new development until one month before the damages phase of trial).

However, evidence that should have been disclosed pursuant to the Rules is not subject to *automatic* exclusion. First, the language of Rule 37(c) contemplates sanctions other than and in lieu of exclusion. *See, e.g.*, Fed. R. Civ. P. 37(c)(1)(A) ("In addition to *or instead of this sanction*, the court ... may order payment of the reasonable expenses, including attorney's fees, caused by the failure") (emphasis added). Rule 37(c) also excuses a failure to disclose information when that failure is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

The Third Circuit has adopted a specific framework for analyzing "whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties ...." *Nicholas*, 227 F.3d at 148; *see also Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). This framework, sometimes referred to as the *Pennypack* factors, requires the court to consider: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. *See Tolerico v. Home Depot*, 205 F.R.D. 169, 175-78 (M.D. Pa. 2002) (noting that trial courts throughout the Third Circuit apply these factors when considering whether to exclude evidence as a sanction under Rule 37(c)(1)). A cursory review of these factors reveals that a court must actually have the potentially excluded evidence in front of it,

since the nature of the evidence and the manner of its nondisclosure during discovery is integral to the determination of its admissibility.

We are satisfied that it would be premature to exclude unidentified evidence that has not yet been put forth by either party, let alone categorically exclude all evidence and information produced after the close of discovery. Essentially, Solotar is asking us to rule on a hypothetical; 'if or when any evidence comes forward from the close of discovery onward, it cannot be introduced or relied on by NHC in any way.' Solotar has provided no rationale for such a request, and we are aware of none.[1] As of this date, no evidence has been produced after the close of discovery (and NHC does not cite to or rely on any such evidence in its recently filed Motion for Summary Judgment, ECF No. 21). Until we have such evidence in front of us, we cannot say whether its disclosure was purposefully delayed or produced in violation of some other rule of discovery, or whether the failure to disclose it was substantially justified or harmless.

In addition, at least at this point in time, we see no indication of a discovery violation to warrant a sanctions analysis under Rule 37. In response to the requests for admissions regarding the similarly-situated employees, NHC stated that it had conducted a reasonable inquiry into those records but could not locate that information. That is a facially valid response under Rule 36(a)(4). NHC has not attempted to introduce evidence which would call the veracity or accuracy of its responses into question. Moreover, Solotar does not allege that NHC is hiding information. If NHC does come forward with this information at some later date, or any other information related to this case, then Solotar may object to its introduction, and we would then be able to properly determine its admissibility.

---

[1] Solotar has not cited one case supporting a request of this type.

For the same reasons, we will not now hold that NHC is barred from amending its answers to the requests for admissions. NHC gave valid responses to those requests in compliance with the Rules. The Rules allow (and in some instances require) NHC to amend, supplement, and correct those responses, under certain circumstances. As discussed above, if or when NHC attempts to do so, we will address the issue then with the necessary information before us. At this time, it would be premature to hold otherwise.

**B.     Plaintiff Has Not Shown Good Cause to Modify the Rule 16 Scheduling Order.**

Solotar has also asked the Court to require NHC to identify its trial and declaration witnesses before the February 15, 2018 deadline set out in the Scheduling Order. Solotar supports its Motion not with a legal argument (Solotar has cited no case or rule to support its request to accelerate the disclosure of the witness lists) but with a pragmatic one, arguing that the Motion should be granted "to conserve the parties' resources" because Solotar "will only need to depose any witness from whom Defendant intends to offer trial testimony." (Mot. to Compel & Bar ¶¶ 6-7.) NHC responds by arguing that Solotar agreed to the original Scheduling Order, has not shown good cause to amend the Order pursuant to Rule 16(b), and cannot, as the Plaintiff who bears the burden here, limit NHC's ability to call necessary witnesses simply because it would be too time-consuming or costly for Solotar to depose those potential witnesses.

Rule 26(a)(3) requires parties to disclose certain pretrial information, including the name and contact information of each trial witness, at least 30 days before trial unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3). Under Rule 16, the district judge must issue a scheduling order, the contents of which may modify the timing of disclosures under Rule 26(a). Fed. R. Civ. P. 16(b)(3). Once the schedule is set, it may only be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Disputes regarding modifications of the scheduling

order virtually always involve parties asking for *extensions* of the schedule, not accelerations of it. *See, e.g., Hildebrand v. Dentsply Intern., Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010) (holding that plaintiffs' failure to comply with court's pretrial scheduling order was not excused because plaintiffs failed to show they were diligent in their attempts to comply with the order, noting that "[g]ood cause under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order").

Solotar has not provided this Court with good cause to require NHC to disclose its list of trial witnesses and declaration witnesses prior to the deadline set forth in the July 5, 2017 Scheduling Order. Under the current schedule, the parties are required to identify their witnesses 18 days before trial. That is a valid modification of the Rule 26(a)(3) 30-day standard and is permitted under the broad discretion granted to district judges under Rule 16. We note that at the Initial Pretrial Conference on July 5, 2017, when scheduling was being discussed, Solotar's counsel did not raise this issue. The Scheduling Order was entered with the full consent of both parties. This issue was not raised by Solotar until October 13, 2017, just weeks before the end of discovery, and no extension of the discovery deadlines has been requested. We also note that Solotar only finalized and disclosed her list of trial witnesses on the day she filed the instant Motion.

Until this Motion was filed, NHC was operating under the correct assumption that it had until February 15, 2018, to review the information learned in discovery and decide who to identify as its trial and declaration witnesses. Solotar does not allege that NHC has failed to make any of its required Rule 26 disclosures or committed any other discovery violations. To require NHC to decide who to call at trial now, simply because Solotar has belatedly decided that it would be in her own best interests for NHC to do so, is not reasonable.

### C. No Fees Will Be Awarded.

Under Rule 37(a)(5)(B), a Court may forego awarding fees after a motion to compel is denied "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). This Motion was ordered by the Court to resolve a discovery dispute after the parties brought it to the attention of the Court via correspondence and a telephone conference. We will not award fees here.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Defendant to Identify Its Trial and Declaration Witnesses and Bar Defendant From Relying Upon Any Document Produced After the Discovery Deadline will be denied.

An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.